UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

Ji Guo Wu, Shouhuai Yang, Xiuju Deng, : 
Chunyang Cai, Cuimin Tian, Suhong Yang, :
Zhen Lei, Xinbin Tian :
: **CIVIL ACTION**
:
: **Case No.:**
Plaintiffs, :
: **COMPLAINT AND JURY DEMAND**
v. :
:
East Ocean Agriculture Corp., Xiandong Shi :
:
Defendants. :
:

Plaintiffs, by and through their undersigned counsel, by way of Complaint against

Defendants East Ocean Agriculture Corp. and Xiandong Shi state as follows:

**INTRODUCTION**

1. Plaintiffs herein bring this lawsuit because they are entitled to unpaid wages pursuant

   to the Fair Labor Standards Act (hereinafter, "FLSA"), the Minimum Wage Act of the

   State of Delaware (hereinafter, "MWA") and the Wage Payment and Collection Act

   (hereinafter, "WPCA").

2. Among other things, Defendants failed to pay minimum wage, overtime

   compensation, and illegally withheld wages already earned by Plaintiffs.

- 1 -

**JURISDICTION AND VENUE**

3. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§1331 and 1337 and supplemental jurisdiction over Plaintiffs' state law claims.

4. In addition, the Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. 216(b).

5. Venue is proper in this district pursuant to 28 U.S.C. 1391 because Plaintiffs were employed by Defendants in this district, and thus all of Defendants' acts, omissions and transgressions occurred in this district.

**PARTIES**

6. Plaintiffs are individuals who were previously employed by Defendants East Ocean Agriculture Corp. and Xiadong Shi.

7. Defendant East Ocean Agriculture Corp. operates a farm business at 19315 Walker Rd, Bridgeville, DE 19933 (hereinafter, "Farm").

8. Defendant Xiandong Shi (hereinafter, "Shi") operated the Farm with Longjan Jiang and Yongze Song.

9. Defendant Shi resides at 149-30 Cherry Ave, Flushing, NY 11355.

10. Since December 2018, Defendant Shi has been the sole owner and president of the Farm.

11. Throughout Plaintiffs' employment at the Farm, Defendant Shi was responsible for the management. He supervised Plaintiffs and other Farm workers, and were responsible for, among other things, overlooking their work schedules, compensation, and the Farm's pay and all record keeping practices.

12. Shi should be held personally liable for Defendants' labor law violations.

## FACTUAL ALLEGATIONS

13. Plaintiffs Ji Guo Wu (hereinafter, "Wu"), Zhen Lei (hereinafter "Lei"), Xinbin Tian (hereinafter, "Xinbin") were employed by Defendants as drivers.

14. Wu was employed by Defendants from September 27, 2017 to July 20, 2020.

15. Wu worked as a driver to deliver vegetables from the Farm to New York.

16. Since March 2020, Wu also engaged in distribution and selling vegetables on the street.

17. Wu generally worked for more than 12 hours per day, seven (7) days a week. He worked more than 84 hours per week during his employment.

18. From the beginning of his employment to August 30, 2019, Wu's salary was $5,000.00 per month.

19. On or about September 1, 2019, Shi paid Wu's salary for the time period from April 15, 2019 to August 30, 2019. Shi acknowledged owing Wu wages for 19.5 months, totaling $97,500.00.

20. On said date, in order to induce Wu to continue working at the Farm, Shi increased Wu's salary to $8,000.00 per month.

21. From September 2019 till the end of Wu's employment, Defendants only paid Wu's salary for the time period from September 2019 to November 2019.

22. Shi fired Wu on July 20, 2020 after he complained about not receiving payment of his wages.

23. Lei was employed by Defendants from July 14, 2020 to around September 20, 2020.

24. Lei worked as a driver to load and deliver vegetables from the Farm to New York.

25. Throughout his employment, Lei generally worked for more than 12 hours per day, seven (7) days a week. He worked more than 84 hours per week.

26. Lei's wages were $200.00 per round trip between the Farm and New York.

27. Lei did not receive full payment of his wages from Defendants.

28. Xinbin was employed by Defendants from November 1, 2019 to June 16, 2020.

29. Xinbin worked as a driver to load, deliver, and distribute vegetables from the Farm.

30. Throughout his employment, Xinbin generally worked for more than 12 hours per day. In April 2020, he worked more than 14 hours per day.

31. Xinbin's wages were $150.00 per day.

32. Xinbin merely received payment of $240.00 in total as his wages from Defendants.

33. Plaintiffs Shouhuai Yang (hereinafter, "Yang"), Xiuju Deng (hereinafter, "Deng"), Cuimin Tian (hereinafter, "Tian"), Suhong Yang (hereinafter, "Suhong") and Chunyang Cai (hereinafter, "Cai") were employed by Defendants as farm workers.

34. Both Yang and Tian's monthly salaries were each $3,000.00; both Deng and Suhong's monthly salary was $2,700.00; Cai's monthly salary was $3,300.00.

35. Yang and Deng were a couple employed by Defendants from August 2017 to December 2019.

36. During their employment, both Yang and Deng started work from 3:30 am to 10:30 am, then from 4:00 pm to 8:00 pm, therefore, they generally worked for more than 11 hours per day and 77 hours per week.

- 4 -

37. From December 2018 to February 2019, they worked additional two hours each night at the greenhouse. Therefore, they worked for more than 13 hours per day during this three-month period.

38. From November 2019 to December 2019, Yang and Deng did not receive any wage payment from Defendants.

39. Tian and Suhong were a couple employed by Defendants from July 2018 to June 2019.

40. Tian and Suhong were responsible for growing cucumber and weed control. They worked in the greenhouse on the Farm.

41. Throughout their employment, Tian and Suhong would work from 3:30 am to 10:30 am, then 4:00 pm to 8:00 pm. Sometimes they would work until 11 p.m. or 12 p.m.

42. Therefore, they worked at least 11 hours per day and 77 hours per week.

43. From May 2019 to June 2019, Tian and Suhong did not receive any wage payment from Defendants.

44. Cai was employed by Defendants from April 20, 2019 to December 18, 2019.

45. His employment duties included boxing vegetables, spraying insecticide and weed control.

46. Throughout his employment, Cai would work from 3:30 am to 10:30 am, then 4:00 pm to 8:00 pm.

47. Therefore, he generally worked for more than 11 hours per day and 77 hours per week.

48. From November 2019 to the end of his employment, Cai did not receive any wage payment from Defendants.

49. Despite the long hours each Plaintiff worked, Defendants failed to pay them minimum wage and overtime compensation.

50. For a substantial period of time, Defendants willfully withheld wages already earned by Plaintiffs for hours worked.

51. Defendants also failed to maintain proper employment records as required by the federal and state labor law statutes.

<u>COUNT I</u>

**Overtime Wages Under the FLSA**

52. Plaintiffs re-allege and incorporate by reference all allegations in the preceding paragraphs as if fully set forth herein.

53. At all relevant times, Defendants had a policy and practice of refusing to pay overtime compensation to their employees for hours they worked in excess of 40 hours per week to which Plaintiffs were entitled under 29 U.S.C. 206(a), in violation of 29 U.S.C. 207(a)(1).

54. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C 255(a).

55. Defendants have not made a good faith effort to comply with the FLSA with respect to their compensation to Plaintiffs.

56. As a result, Plaintiffs suffered damages.

57. Plaintiffs are entitled to recover from Defendants their unpaid overtime wages and an equal amount in the form of liquidated damages, as well as reasonable attorney's fees and

costs of the action, including post-judgment interest, pursuant to the FLSA, specifically 29 U.S.C. 216(b), all in an amount to be determined at trial.

## COUNT II
### Minimum Wage Under the FLSA

58. Plaintiffs re-allege and incorporate by reference all allegations in the preceding paragraphs as if fully set forth herein.

59. Defendants failed to pay Plaintiffs minimum wages, in violation of the FLSA.

60. As a result, Plaintiffs suffered damages.

## COUNT III
### Minimum Wage Under the MWA

61. Plaintiffs re-allege and incorporate by reference all allegations in the preceding paragraphs as if fully set forth herein.

62. Defendants failed to pay Plaintiffs minimum wages, in violation of the MWA.

63. As a result, Plaintiffs suffered damages.

## COUNT IV
### Unpaid Wages Under the FLSA

64. Plaintiffs re-allege and incorporate by reference all allegations in the preceding paragraphs as if fully set forth herein.

65. For a substantial period of time, Defendants failed to pay Plaintiffs any compensation for hours worked.

66. Defendants willfully failed to pay Plaintiffs wages for hours worked in violation of 29 U.S.C. 206(a).

67. As a result, Plaintiffs suffered damages.

## COUNT V
### Unpaid Wages Under the WPCA

68. Plaintiffs re-allege and incorporate by reference all allegations in the preceding paragraphs as if fully set forth herein.

69. For a substantial period of time, Defendants failed to pay Plaintiffs any compensation for hours worked.

70. Defendants willfully failed to pay Plaintiffs wages for hours worked in violation of the WPCA.

71. As a result, Plaintiffs suffered damages.

## COUNT VI
### Retaliation Under the FLSA

72. Plaintiffs re-allege and incorporate by reference all allegations in the preceding paragraphs as if fully set forth herein.

73. Plaintiff Wu complained to Defendant Shi about Defendants' labor law violations.

74. In response to Plaintiff Wu's complaint, Defendants (1) discharged Plaintiff Wu, (2) refused to reimburse his out of pocket expenses of no less than $4,000, and (3) refused to allow Mr. Wu into the farm to pick up his personal belongings, including some cash, which resulted in Mr. Wu's loss of no less than $20,000.

75. There exists a causal connection between Plaintiff's protected activity and his discharge.

76. Defendant's misconduct constitutes retaliation in violation of 29 U.S.C. 215(a)(3).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for the following relief:

1. Compensatory damages;

2. Liquidated damages;

3. Punitive damages in connection with the retaliation claim;

4. Prejudgment interest;

5. Post-judgment interest;

6. Attorney's fees and costs;

7. Such other relief as this Court shall deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury.

/s/ Antranig Garibian, Esq.
Garibian Law Offices, P.C.
By: Antranig Garibian, Esq. (DE Bar 4962)
1010 N Bancroft Pkwy Suite 22
Wilmington, DE 19805
(302) 722-6885
ag@garibianlaw.com

Wang, Gao & Associates, P.C.
Heng Wang, Esq. (to be admitted *pro hac vice*)
Jacob Tebele, Esq. (to be admitted *pro hac vice*)
36 Bridge Street
Metuchen, NJ 08840
all@wanggaolaw.com

*Attorneys for Plaintiffs*