IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| JI GUO WU, SHOUHUAI YANG, XIUJU DENG, CHUNYANG CAI, CUIMIN TIAN, SUHONG YANG, ZHEN LEI, and XINBIN TIAN,<br><br>　　　　Plaintiffs,<br><br>　　v.<br><br>EAST OCEAN AGRICULTURE CORP., and XIANDONG SHI,<br><br>　　　　Defendants. | Civil Action No. 21-668-RGA |

## MEMORANDUM OPINION

Antranig Garibian, GARIBIAN LAW OFFICES, P.C., Wilmington, DE; Heng Wang, WANG, GAO & ASSOCIATES, P.C., Metuchen, NJ.

　　Attorneys for Plaintiff.

Lauren E. M. Russell, YOUNG CONAWAY STARGATT & TAYLOR, LLP, Wilmington, DE; Ying Liu, Carolyn Shields, LIU & SHIELDS, LLP, Flushing, NY.

　　Attorneys for Defendants.

February 9, 2022

1

/s/ Richard G. Andrews
**ANDREWS, UNITED STATES DISTRICT JUDGE:**

Before me is Defendants East Ocean Agriculture Corp. ("East Ocean") and Xiandong Shi's motion to dismiss under Rule 12(b)(1) for lack of subject matter jurisdiction and under Rule 12(b)(6) for failure to state a claim. (D.I. 10). The motion has been fully briefed and I have considered the parties' briefing. (D.I. 11, 14, 20).

## I.    BACKGROUND

Plaintiffs, eight individuals who were previously employed by East Ocean and Shi (D.I. 1 ¶ 6), bring this action against Defendants under the Fair Labor Standards Act ("FLSA") and analogous Delaware state laws. They allege failure to pay overtime wages, failure to pay minimum wages, unpaid wages, and retaliation under the FLSA. (D.I. 1 ¶¶ 52-57, 58-60, 64-67, 72-76). They also allege failure to pay minimum wages under the Delaware Minimum Wage Act (MWA) and unpaid wages under the Delaware Wage Payment and Collection Act (WPCA). (D.I. 1 ¶¶ 61-63, 68-71).

Defendant East Ocean operates a "farm business" ("the farm") in Bridgeville, Delaware. (*Id.* ¶ 7). Defendant Shi has been the "sole owner and president" of the farm since December 2018. (*Id.* ¶ 10). Throughout Plaintiffs' employment at the farm, Shi supervised the Plaintiffs and other farm workers and was responsible for their work schedules and compensation. (*Id.* ¶ 11).

Plaintiffs Ji Guo Wu, Zhen Lei, and Xinbin Tian ("Xinbin") were employed by Defendants as drivers. (*Id.* ¶¶ 13, 15, 24, 29). They were responsible for delivering vegetables from the farm to New York to be sold there. (*Id.*).

- Wu was employed by Defendants from September 27, 2017, to July 20, 2020. (*Id.* ¶ 14). Wu "generally worked for more than 12 hours per day, seven (7) days a week" for a salary of $5,000 per month. (*Id.* ¶¶ 17, 18). On September 1, 2019,

2

approximately 24 months into Wu's employment, Shi paid Wu's salary from April 15, 2019, to August 30, 2019 (4.5 months) and acknowledged he owed Wu wages for 19.5 additional months. (*Id.* ¶ 19). At that time, Shi increased Wu's salary to $8,000 per month, but from then until the end of Wu's employment on July 20, 2020, he only paid Wu for the period from September 2019 to November 2019. (*Id.*). On July 20, 2020, Shi fired Wu "after he complained about not receiving payment of his wages." (*Id.* ¶ 22).

- Lei was employed by Defendants from July 14, 2020, to around September 20, 2020. (*Id.* ¶ 23). Lei "generally worked for more than 12 hours per day, seven (7) days a week." (*Id.* ¶ 25). Lei's wages were $200 per round trip between the farm and New York, but he "did not receive full payment of his wages from Defendants." (*Id.* ¶ 26).

- Xinbin was employed by Defendants from November 1, 2019, to June 16, 2020. (*Id.* ¶ 28). Xinbin "generally worked for more than 12 hours per day" and in one month, April 2020, Xinbin worked more than 14 hours per day. (*Id.* ¶ 30). Xinbin's wages were $150 per day, but he received only $240 total wages from Defendants.

Plaintiffs Shouhuai Yang, Xiuju Deng, Cuimin Tian, Suhong Yang ("Suhong"), and Chunyang Cai were employed by Defendants as farm workers. (*Id.* ¶ 33).

- Shouhuai Yang was employed by Defendants from August 2017 to December 2019. (*Id.* ¶ 35). Yang "generally worked for more than 11 hours per day and 77 hours per week" and worked 13 hours per day from December 2018 to February 2019. (*Id.* ¶ 36, 37). Yang's salary was $3,000 per month. (*Id.* ¶ 34). From

3

- November 2019 to December 2019, Yang did not receive any wages from Defendants. (*Id.* ¶ 38).

- Deng was employed by Defendants from August 2017 to December 2019. (*Id*. ¶ 35). Deng "generally worked for more than 11 hours per day and 77 hours per week" and worked 13 hours per day from December 2018 to February 2019. (*Id.* ¶ 36, 37). Deng's salary was $2,700 per month. (*Id.* ¶ 34). From November 2019 to December 2019, Deng did not receive any wages from Defendants. (*Id.* ¶ 38).

- Cuimin Tian was employed by Defendants from July 2018 to June 2019. (*Id.* ¶ 39). Tian worked "at least 11 hours per day and 77 hours per week." (*Id.* ¶ 42). Tian's salary was $3,000 per month. (*Id.* ¶ 34). Tian did not receive any wages from Defendants from May 2019 to June 2019. (*Id.* ¶ 43).

- Suhong was employed by Defendants from July 2018 to June 2019. (*Id.* ¶ 39). Suhong worked "at least 11 hours per day and 77 hours per week." (*Id.* ¶ 42). Suhong's salary was $2,700 per month. (*Id.* ¶ 34). Suhong did not receive any wages from Defendants from May 2019 to June 2019. (*Id.* ¶ 34).

- Cai was employed by Defendants from April 20, 2019, to December 18, 2019. (*Id.* ¶ 44). Cai "generally worked for more than 11 hours per day and 77 hours per week." (*Id.* ¶ 47). Cai did not receive any wages from Defendants from November 2019 to the end of his employment. (*Id.* ¶ 48).

II.   **LEGAL STANDARD**

When reviewing a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court must accept the complaint's factual allegations as true. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007). Rule 8(a) requires "a short and plain statement of the claim showing

that the pleader is entitled to relief." *Id.* at 555. The factual allegations do not have to be detailed, but they must provide more than labels, conclusions, or a "formulaic recitation" of the claim elements. *Id.* ("Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."). Moreover, there must be sufficient factual matter to state a facially plausible claim to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The facial plausibility standard is satisfied when the complaint's factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* ("Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." (cleaned up)).

### III. DISCUSSION

#### A. FLSA Claims

To state a claim under the FLSA minimum wage/unpaid wages provision, 29 U.S.C. § 206(a), or the overtime wages provision, 29 U.S.C. § 207(a)(1), a plaintiff must allege:

1) an employer/employee relationship between plaintiff and defendant, within the meaning of the FLSA. *Tony & Susan Alamo Found. v. Sec'y of Labor*, 471 U.S. 290, 295 (1985); *Cherichetti v. PJ Endicott Co.*, 906 F. Supp. 2d 312, 316 (D. Del. 2012);

2) either[1]

   a) that the employee was "engaged in [interstate] commerce or in the production of goods for [interstate] commerce," or

---

[1] *Alamo Found.*, 472 U.S. at 295 n.8 ("Employment may be covered under the [FLSA] pursuant to either 'individual' or 'enterprise' coverage. Prior to the introduction of enterprise coverage in 1961, the only individuals covered under the Act were those engaged directly in interstate commerce or in the production of goods for interstate commerce.").

  b) that the employee was "employed in an enterprise engaged in [interstate] commerce" where the gross volume of sales made or business done by that enterprise is not less than $500,000 per § 203(s)(1)(A); and

3) depending on the type of claim:

  a) the approximate number of hours during which the plaintiff was paid an hourly wage less than the minimum hourly wage required by § 206(a)(1), for minimum wage claims. *Cherichetti*, 906 F. Supp. 2d at 316;

  b) the approximate number of hours during which the plaintiff was not paid any wages, for unpaid wages claims. *Id.*; or

  c) at least "a single workweek in which [the plaintiff] worked at least forty hours and also worked uncompensated time in excess of forty hours," for overtime wage claims. *Davis v. Abington Memorial Hosp.*, 765 F.3d 236, 243 (3d Cir. 2014).

Defendants primarily argue[2] that the first and second requirements for stating a FLSA claim (employer/employee relationship and individual/enterprise coverage) are jurisdictional requirements, and a failure to plead them requires dismissal under Rule 12(b)(1). (D.I. 11 at 4-5, 7-10). Defendants do not cite any binding Third Circuit authority in support of their contention that these requirements are jurisdictional. Plaintiffs argue these requirements are elements of a FLSA claim, not jurisdictional prerequisites. (D.I. 14 at 3-4).

I agree with Plaintiffs. The Supreme Court has given clear guidance, "when Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as

---

[2]  Defendants also argue, in the alternative, that these requirements are elements of a FLSA claim and failure to plead them requires dismissal under Rule 12(b)(6).

nonjurisdictional in character." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 515-16 (2006). Because the FLSA does not "clearly state[]" that the limitations on coverage should "count as jurisdictional," I find they should be considered elements of a FLSA claim. *Id.*; *see also Biziko v. Van Horne*, 981 F.3d 418, 420 (5th Cir. 2020) (holding enterprise requirement is nonjurisdictional as it contains no jurisdictional language and is found in the FLSA's definition section); *Martinez v. Petrenko*, 792 F.3d 173, 175 (1st Cir. 2015) (holding that individual or enterprise nexus to commerce requirement is "an essential element" of a FLSA claim).

For these reasons, I find that subject matter jurisdiction is proper in this case and turn now to Defendants' Rule 12(b)(6) arguments regarding Plaintiffs' failure to plead each of the three elements of a FLSA claim.

### 1. Employer/Employee Relationship

The FLSA defines an employee as "any individual employed by an employer." 29 U.S.C. § 203(e)(1). "There is no single test to determine whether a person is an employee or an independent contractor for purposes of the FLSA. The statutory definitions regarding employment status are necessarily broad to effectuate the remedial purposes of the Act." *Martin v. Selker Bros., Inc.*, 949 F.2d 1286, 1293 (3d Cir. 1991). The Third Circuit uses a six-factor test that examines the "circumstances of the whole activity" to determine whether an employment relationship exists under the FLSA. *Id.* The factors include:

> 1) the degree of the alleged employer's right to control the manner in which the work is to be performed; 2) the alleged employee's opportunity for profit or loss depending upon his managerial skill; 3) the alleged employee's investment in equipment or materials required for his task, or his employment of helpers; 4) whether the service rendered requires a special skill; 5) the degree of permanence of the working relationship; 6) whether the service rendered is an integral part of the alleged employer's business.

*Id.* (quoting *Donovan v. DialAmerica Marketing, Inc.*, 757 F.2d 1376, 1382 (3d Cir. 1985)).

Defendants appear to argue that Plaintiffs have failed to allege that they are employees within the meaning of the FLSA. (D.I. 20 at 2 ("To state a claim under the FLSA, a plaintiff must allege: (1) he is an employee of the defendant … Plaintiffs fail to allege the first of these")). They do not, however, offer any substantive arguments in support of this conclusory statement. Instead, they seem to argue that the first required element, an employer/employee relationship, is lacking because of a failure to meet the second element, individual or enterprise coverage, and/or because of various FLSA exemptions. (D.I. 20 at 2; D.I. 11 at 16).

I find that Plaintiffs' allegations regarding the employment relationship between Plaintiffs and Defendants are sufficient to plausibly state a claim that Plaintiffs were all "employees" within the meaning of § 203(e)(1) of the FLSA. The complaint's allegations relating to the nature of Plaintiffs' work, their hours, and the power imbalance between Plaintiffs and Defendants support a finding that the Plaintiffs acted as employees and not as independent contractors. (D.I. 1 ¶¶ 13-51; *see Donovan v. DialAmerica Marketing, Inc.*, 757 F.2d 1376, 1382 (3d Cir. 1985) (holding courts should "consider whether, as a matter of economic reality, the individuals are dependent upon the business to which they render service") (cleaned up)).

### 2. Individual/Enterprise Coverage

Defendants argue that Plaintiffs fail to "allege facts showing a nexus between plaintiffs and commerce, as required for individual coverage under the FLSA." (D.I. 11 at 1). They also argue that Plaintiffs fail to allege enterprise coverage because the complaint fails to allege that Defendants have "an annual gross volume of sales of not less than $500,000" as required by § 203(s)(1)(A).

To allege individual coverage, all that is required under the FLSA is a showing that an employee "is engaged in [interstate] commerce or in the production of goods for [interstate]

commerce." 29 U.S.C. § 207(a)(1). "Goods" are defined as "goods [], wares, products, commodities, merchandise, or articles or subject of commerce of any character, or any part or ingredient thereof…" 29 U.S.C. § 203(i). The crops grown on Defendants' farm easily qualify as "goods."

Plaintiffs allege that Wu engaged in "selling vegetables [from the farm] on the street," that Lei "worked as a driver to load and deliver vegetables from the Farm to New York," and that Xinbin "worked as a driver to load, deliver, and distribute vegetables from the Farm [to be sold in New York]." (D.I. 1 ¶¶ 16, 24, 29). There is hardly a more quintessential example of "engaging in interstate commerce" than driving goods from one state to be sold in another state. Defendants' argument that Plaintiffs have not pled a "nexus between plaintiffs and commerce" with respect to Wu, Lei, and Xinbin borders on frivolous.

Plaintiffs allege that Yang, Deng, Tian, Suhong, and Cai were all employed by Defendants as farm workers in Delaware, where they helped grow and package vegetables to be sold in New York. (*Id.* ¶ 33). These activities clearly involve engaging "in the production of goods for [interstate] commerce."

Because I find that Plaintiffs have adequately pled individual coverage by alleging specific facts showing each Plaintiff was either engaged in interstate commerce directly or engaged in the production of goods for interstate commerce, I need not consider whether Plaintiffs have adequately alleged enterprise coverage.

### 3. Wage and Hours Allegations

Defendants argue that Plaintiffs' minimum wage claims are insufficient with respect to all the Plaintiffs. (D.I. 11 at 2). Specifically, they argue that the stated salaries of Wu, Yang, Tian, Deng, Suhong, and Cai exceed the minimum wage requirements of the FLSA. (D.I. 11 at 5-6).

Whether Plaintiffs' typical salaries exceed the minimum wage requirements is irrelevant to the sufficiency of Plaintiffs' claims, however, because Plaintiffs allege specific time periods during their employment in which Wu, Yang, Tian, Deng, Suhong, and Cai were not paid at all. (D.I. 1 ¶¶ 13-51).

Plaintiffs allege Wu was not paid from December 2019 to July 20, 2020, despite being employed by Defendants, and that throughout his employment, he "worked more than 84 hours per week." (D.I. 1 ¶¶ 17, 21, 22). Taken together, these allegations allege approximately 2,562 hours of uncompensated labor and 30.5 weeks during which Wu worked more than forty hours in a single week but did not receive overtime compensation (or any compensation). Defendants contend, "Allegations that a plaintiff 'typically' or 'occasionally' worked more than a certain number of hours without specifying a given week are inadequate." (D.I. 11 at 7). I disagree. In *Davis*, the Court clarified:

> [W]e do not hold that a plaintiff must identify the exact dates and times that she worked overtime. For instance, a plaintiff's claim that she "typically" worked forty hours per week, worked extra hours during such a forty-hour week, and was not compensated for extra hours beyond forty hours he or she worked during one or more of *those* forty-hour weeks, would suffice.

*Davis v. Abington Memorial Hosp.*, 765 F.3d 236, 243 (3d Cir. 2014).

Here, Wu has alleged that in a "typical" week, he worked more than forty hours and has alleged specific weeks in which he was not compensated for either his regular hours or his overtime hours. I find that these allegations, which allow for a simple calculation of the approximate number of Wu's uncompensated hours, plausibly state a claim of unpaid wages, failure to pay minimum wage, and failure to pay overtime wages.

Plaintiffs allege Yang was not paid from November 2019 to December 2019, despite being employed by Defendants and "generally" working "more than 11 hours per day and 77 hours per

10

week." (*Id.* ¶¶ 35, 36, 38).  For the reasons stated above, these allegations plausibly state a claim of unpaid wages, failure to pay minimum wage and failure to pay overtime wages under the FLSA with respect to Yang.

Plaintiffs allege Tian was not paid from May 2019 to June 2019, despite being employed by Defendants and working "at least 11 hours per day and 77 hours per week." (*Id.* ¶¶ 39, 42, 43). These allegations plausibly state a claim of unpaid wages, failure to pay minimum wage and failure to pay overtime wages under the FLSA with respect to Tian.

Plaintiffs allege Deng was not paid from November 2019 to December 2019, despite being employed by Defendants and "generally" working "more than 11 hours per day and 77 hours per week." (*Id.* ¶¶ 35, 37, 38). These allegations plausibly state a claim of unpaid wages, failure to pay minimum wage and failure to pay overtime wages under the FLSA with respect to Deng.

Plaintiffs allege Suhong was not paid from May 2019 to June 2019, despite being employed by Defendants and working "at least 11 hours per day and 77 hours per week." (*Id.* ¶¶ 39, 42, 43). These allegations plausibly state a claim of unpaid wages, failure to pay minimum wage and failure to pay overtime wages under the FLSA with respect to Suhong.

Plaintiffs allege Cai was not paid from November 2019 to December 18, 2019, despite being employed by Defendants and "generally" working "more than 11 hours per day and 77 hours per week." (*Id.* ¶¶ 44, 47, 48). These allegations plausibly state a claim of unpaid wages, failure to pay minimum wage and failure to pay overtime wages under the FLSA with respect to Cai.

For the other two Plaintiffs, Defendants argue that the complaint is not sufficiently specific about what the minimum and overtime wage claims are.  (D.I. 11 at 6).  I disagree as to Xinbin, but not as to Lei.

Plaintiffs allege Xinbin received payment of $240 in total as his wages from Defendants, despite working "for more than 12 hours per day" from November 1, 2019, to June 16, 2020. (*Id.* ¶¶ 28, 30, 32). These allegations plausibly state a claim of unpaid wages, failure to pay minimum wage and failure to pay overtime wages under the FLSA with respect to Xinbin.

Plaintiffs allege Lei "did not receive full payment of his wages from Defendants." (*Id.* ¶ 27). The complaint, however, does not allege how much in total Lei was owed, nor does it allege by how much Lei was underpaid. The complaint alleges Lei "generally worked for more than 12 hours per day, seven (7) days a week," and states, "Lei's wages were $200.00 per round trip between the Farm and New York," but does not say how many trips Lei took during his employment, how long each trip took, or how much Lei was ultimately paid. (*Id.* ¶¶ 23-27). Because the complaint does not specifically allege any time period during which Lei was paid less than minimum wage, had overtime wages withheld from him, or did not receive wages at all, the complaint fails to plausibly state a claim under the FLSA with respect to Lei. I will therefore GRANT Defendants' motion to dismiss Counts I (Overtime Wages Under the FLSA), II (Minimum Wage Under the FLSA), and IV (Unpaid Wages Under the FLSA) with respect to Lei.

### 4. FLSA Exemptions

Affirmative defenses that are obvious on the face of the complaint and would "present[] an insuperable barrier to recovery by the plaintiff" may be considered on a motion to dismiss. *Flight Sys., Inc. v. Electronic Data Sys. Corp.*, 112 F.3d 124, 127 (3d Cir. 1997). Plaintiffs, however, are not required to plead the absence of affirmative defenses. The absence of an applicable exemption is not a required element of a FLSA claim. Whether certain FLSA exemptions apply often presents a mixed question of law and fact. *Hein v. PNC Fin. Servs. Grp., Inc.*, 511 F.Supp.2d 563, 570 (E.D. Pa. 2007).

Here, Defendants argue that plaintiff Wu is exempt from the FLSA wage and hours provisions under the FLSA Exemption for Executive, Managerial, or Professional Workers, 29 U.S.C. 213 (a)(1). (D.I. 11 at 14; D.I. 20 at 9). Wu's stated salary in the complaint meets the salary requirements of 29 CFR § 541.100(a)(1) for qualifying as an "employee employed in a bona fide executive capacity" within the meaning of the FLSA. (D.I. 11 at 14). Whether he meets the additional requirements (*i.e.*, whether his "primary duty is management of the enterprise in which the employee is employed," whether he "customarily and regularly directs the work of two or more other employees," and whether he "has the authority to hire or fire other employees," 29 CFR § 541.100(a)(2)-(4)), however, is a contested factual question to which the answer is not apparent on the face of the complaint. Therefore, the question of whether this exemption applies is inappropriate for resolution at the motion to dismiss stage.

Defendants argue the FLSA's wage and hour requirements do not apply under the Agricultural Exemption, 29 U.S.C. § 213(a)(6), which exempts employees employed in agriculture, "if such employee is employed by an employer who did not, during any calendar quarter during the preceding calendar year, use more than five hundred man-days of agricultural labor." (D.I. 11 at 10-13). It is not, however, obvious from the face of the complaint that this exemption applies. Plaintiffs make no allegations in their complaint regarding how many total employees Defendants had throughout the relevant time period and the Shi declaration (D.I. 11-1) Defendants point to is extrinsic (not to mention disputed) evidence that cannot properly be considered on a Rule 12(b)(6) motion. (D.I. 11 at 11; D.I. 14 at 19-20). Whether the Agricultural Exemption applies is a disputed factual question inappropriate for resolution at the motion to dismiss stage.

Finally, Defendants argue that a second Agricultural Exemption, 29 U.S.C. § 213(b)(12), which exempts "any employee employed in agriculture…" from the FLSA section 207 maximum hours provisions applies here. Plaintiffs argue that this exemption is qualified by the language that follows "employed in agriculture," which describes employees employed "in connection with the operation or maintenance" of various waterways. (D.I. 14 at 20). They do not, however, cite any support whatsoever for this argument.[3] I find that Defendants are correct, and it is well established that this exemption "'embrace[s] the whole field of agriculture.'" *Barks v. Silver Bait, LLC*, 802 F.3d 856, 860 (6th Cir. 2015) (quoting *Maneja v. Waialua Agr. Co.*, 349 U.S. 254, 260 (1955)); 29 C.F.R. § 780.401 ("The effect of [section 213(b)(12)] is to provide a complete overtime exemption for any employee employed in 'agriculture' who does not qualify for exemption under section 13(a)(6)(A).").

"Agriculture" is defined in section 213(b)(12) of the FLSA to include "farming in all its branches … including preparation for market, delivery to storage or to market or to carriers for transportation to market." I find that it is clear from the face of the complaint that all Plaintiffs were employed "in agriculture" within the meaning of the FLSA. Wu, Lei, and Xinbin were responsible for driving, loading, and delivering vegetables from the farm to New York, and Yang, Deng, Tian, Suhon, and Cai were "employed as farm workers." (D.I. 1 ¶¶ 15, 24, 29, 33). For these reasons, Count I, Overtime Wages Under the FLSA, is DISMISSED with respect to all Plaintiffs.

---

[3] The relevant provision exempts "any employee employed in agriculture or in connection with the operation or maintenance of ditches, canals, reservoirs, or waterways, not owned or operated for profit, or operated on a sharecrop basis, and which are used exclusively for supply and storing of water, at least 90 percent of which was ultimately delivered for agricultural purposes during the preceding calendar year." Pretty clearly, the exemption applies to two classes – the large class that is employed in agriculture and the limited class that is employed in connection with certain waterways that are related to agriculture.

### 5. FLSA Statute of Limitations

Defendants argue that Plaintiffs' FLSA claims accruing prior to May 7, 2018 "are time-barred under the longest of the limitations periods of the FLSA, three years." (D.I. 11 at 16 (citing 29 U.S.C. § 203(s)(1)(A)). Plaintiffs, however, have not asserted any claims that depend solely on events that occurred prior to May 7, 2018.[4] (D.I. 1 ¶¶ 13-51). Defendants' apparent suggestion that Plaintiffs must expressly "concede" in their complaint that they "do not claim unpaid wages during times barred by the federal [] limitations period[]" is unsupported by any authority. (D.I. 20 at 9-10). Each Plaintiff has alleged at least one period of non-payment occurring entirely after May 7, 2018. This satisfies the pleading standard.

### B. MWA and WPCA Claims

#### 1. MWA Agricultural Exemption

Defendants argue that Plaintiffs are exempt from the minimum wage requirements of the Delaware Minimum Wage Act, 19 *Del. C.* § 901(3)(a), which defines "employee" as not including "[a]ny individual employed in agriculture." (D.I. 11 at 14-15). Plaintiffs' only argument in response appears to be that, because "there is no case law interpreting the state exemption," it does not apply to them. (D.I. 14 at 26). Nevertheless, I find that it is clear from the face of the complaint and the plain meaning of the word "agriculture" that all eight Plaintiffs are employed "in agriculture." While the MWA does not define "agriculture," individuals employed by a farming business to work on the farm and transport food grown on the farm clearly qualify as individuals "employed in agriculture." Plaintiffs cite no authority arguing otherwise. Therefore, I will GRANT

---

[4] Wu alleges two periods of non-payment. The first period begins on September 27, 2017 and ends on April 15, 2019. (D.I. 1 ¶¶ 14, 19). Wu also alleges non-payment from November 2019 to July 20, 2020. (*Id.* ¶¶ 14, 21). While Wu's recovery for the first period may be partially limited by the statute of limitations, such limitations on recovery do not impact the sufficiency of the pleadings.

15

Defendants' motion to dismiss Count III, failure to pay minimum wages, in violation of the Delaware Minimum Wage Act, with respect to all Plaintiffs.

### 2. WPCA Statute of Limitations

Plaintiffs' remaining state law claim, unpaid wages under the Delaware Wage Payment and Collection Act, is governed by a one-year statute of limitations. 10 *Del. C.* § 8111. Therefore, claims based on activity occurring prior to May 7, 2020, are barred as a matter of law. Plaintiffs Yang, Deng, Tian, Suhong, and Cai all allege periods of non-payment that started and ended prior to May 7, 2020. (D.I. 1 ¶¶ 33-51). Therefore, I will GRANT Defendants' motion to dismiss Count V, unpaid wages under the WPCA, with respect to Yang, Deng, Tian, Suhong, and Cai. Because Plaintiffs allege periods of non-payment that extend beyond May 7, 2020 with respect to the remaining Plaintiffs, Defendants' motion to dismiss Count V with respect to Wu, Lei, and Xinbin is DENIED.

### IV. CONCLUSION

For the reasons stated above, Defendants' motion to dismiss is GRANTED IN PART and DENIED IN PART. Count I (Overtime Wages Under the FLSA) is DISMISSED with respect to all Plaintiffs. Count III (Minimum Wage Under the MWA) is DISMISSED with respect to all Plaintiffs. Counts II and IV (the remaining FLSA claims) are DISMISSED with respect to Plaintiff Zhen Lei. Count V (Unpaid Wages Under the WPCA) is DISMISSED with respect to Plaintiffs Shouhuai Yang, Xiuju Deng, Cuimin Tian, Suhong Yang, and Chunyang Cai.

Plaintiffs have not asked for leave to amend. It is plausible that Plaintiff Zhen Lei could amend the complaint to allege a minimum wage and/or an unpaid wage claim. Thus, Plaintiff Zhen Lei is granted leave to amend those claims. If there are any other claims that could

successfully be amended, Plaintiffs have permission to file a motion seeking leave to do so.

An appropriate order will issue.