IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JI GUO WU, SHOUHUAI YANG, XIUJU DENG, CHUNYANG CAI, CUIMIN TIAN, SUHONG YANG, ZHEN LEI, and XINBIN TIAN<br><br>Plaintiffs,<br><br>v.<br><br>EAST OCEAN AGRICULTURE CORP., and XIANDONG SHI<br><br>Defendants. | Civil Action No. 21-668-RGA |

## MEMORANDUM ORDER

On February 22, 2022, Plaintiffs filed an Amended Complaint, asserting four claims against Defendants: (I) failure to pay minimum wages under the FLSA, (II) unpaid wages under the FLSA, (III) unpaid wages under the Delaware Wage Protection and Collection Act ("the WPCA"), and (IV) retaliation under the FLSA. (D.I. 23 ¶¶ 55-70). In their Answer, Defendants assert five counterclaims against Plaintiff Ji Guo Wu: (1) breach of a subscription agreement, (2) contribution and/or indemnification for the claims alleged against Defendants, (3) breach of contract, (4) misappropriation and conversion of corporate assets, and (5) "Excess Salary Appropriated by Plaintiff Wu Is Owed to Defendant East Ocean Agriculture Corp. and Defendant Shi." (D.I. 24 at 11-16). Plaintiffs move to dismiss all counterclaims pursuant to Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), and 8. (D.I. 29; D.I. 30 at 1-2). I have reviewed the parties' briefing. (D.I. 30, 36, 39).

Plaintiffs argue Counterclaims 1, 3, 4, and 5 are permissive counterclaims and therefore require an independent basis of federal jurisdiction, which Plaintiffs say is lacking here. (D.I. 30

1

at 2-8). Defendants respond, and I agree, that jurisdiction is proper because the counterclaims "bear a logical relationship" to Plaintiff Wu's claims and are thus compulsory. (D.I. 36 at 4).

A compulsory counterclaim is one that "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim." Fed. R. Civ. P. 13(a)(1)(A). Under Third Circuit law, "To be deemed part of the same transaction or occurrence, a claim need only bear a logical relationship to the subject matter of the complaint." *Barefoot Architect, Inc. v. Bunge*, 632 F.3d 822, 836 n.9 (3d Cir. 2011) (quoting *Xerox Corp. v. SCM Corp.*, 576 F.2d 1057, 1059 (3d Cir. 1978)) (cleaned up). "Such a logical relationship exists where separate trials on each of the claims would 'involve a substantial duplication of effort and time by the parties and the courts.'" *Id.* Here, Counterclaims 1, 3, 4, and 5 all relate to the parties' dispute over the total wages Defendants owe to Plaintiff Wu.

In Counterclaim 1, Defendants allege Wu has not fully paid for shares in East Ocean Agriculture Corporation issued to him by Defendants pursuant to a subscription agreement. (D.I. 24 at 11-12). Defendants specifically allege, "To the extent that plaintiff Wu contends that the consideration for his shares in East Ocean Agriculture Corp. was his labor for the corporation, the wages and salary which he seeks in this action were paid through the issuance of shares to him by the corporation." (*Id.*).

Counterclaim 3 alleges Wu "breached multiple contracts with defendant Shi" by "improperly enriching himself and effectively inflating his salary from East Ocean Agriculture Corp." (*Id.* at 12-13). Defendants make several allegations relating to payments Wu made to himself from Defendant Shi's bank account that Wu and Shi agreed would serve as "advance salary" payments. (*Id.*).

2

Counterclaim 4 alleges, "Plaintiff Wu, as manager of East Ocean Agriculture Corp., misappropriated and converted assets of the corporation to himself, in effect, paying himself an inflated salary to which he was not entitled." (*Id.* at 14).

Finally, Counterclaim 5 alleges, "plaintiff Wu regularly appropriated [Defendants'] assets and bank deposits for himself, effectively paying himself more in salary than the amended complaint alleges." (*Id.* at 16).

Counterclaims 1, 3, 4, and 5 are all related to the salary, wages, and compensation actually paid by Defendants to Plaintiff Wu. To construe them as permissive counterclaims and require that they be litigated separately from Plaintiffs' unpaid wages claims would necessarily involve duplicative discovery and would be contrary to the Third Circuit's preference that the term "transaction or occurrence" be "construed generously" to "promote judicial economy." *Barefoot Architect*, F.3d at 836 n.9. Therefore, I find that Counterclaims 1, 3, 4, and 5 are compulsory counterclaims and jurisdiction over them is proper.

Plaintiffs separately argue Defendants' fifth counterclaim should be dismissed because it fails to state a cause of action and is duplicative of the fourth counterclaim. (D.I. 30 at 10-12). I agree. In their pleadings, Defendants do not identify a legally cognizable cause of action under which Counterclaim 5, "Excess Salary Appropriated by Plaintiff Wu Is Owed to Defendant East Ocean Agriculture Corp. and Defendant Shi" is meant to be brought. Moreover, the fifth counterclaim's underlying factual allegations are a mere rehashing of the factual allegations supporting Defendants' fourth counterclaim. For these, reasons, Plaintiffs' Counterclaim 5 is dismissed for failure to state a claim on which relief can be granted.

Finally, Plaintiffs argue Defendants' second counterclaim for contribution and/or indemnification should be dismissed under Rule 12(b)(6) because no right of action for contribution or indemnity exists under the FLSA or the WPCA. (D.I. 30 at 8-10). Though the Third Circuit has not addressed the question of whether the FLSA permits an action for contribution or indemnity, I will follow the lead of other district courts in this circuit to hold that the FLSA does not create a cause of action for indemnity or contribution, and to the extent such causes of action for FLSA violations may arise under state law, they are preempted by the FLSA.[1] *Kaskey v. Osmose Holdings, Inc.*, 2014 WL 1096149, at *6-7 (E.D. Pa. March 20, 2014) (holding the FLSA does not permit an action for contribution or indemnity and "state law indemnity or contribution causes of action for FLSA violations are preempted because FLSA's remedial scheme is sufficiently comprehensive as to preempt state law in this respect") (cleaned up); *Berryman v. Newalta Env't Servs., Inc.*, 2018 WL 5631169, at *3 (W.D. Pa. Oct. 31, 2018) ("to the extent [defendant] seeks indemnification or contribution for relief under the FLSA, those state law claims are preempted"); *see also Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 144 (2d Cir. 1999) ("There is no right of contribution or indemnification for employers found liable under the FLSA," and state law claims for contribution or indemnification of FLSA liability are preempted because "the FLSA's remedial scheme is sufficiently comprehensive as to preempt state law in this respect").

Although Defendants' claim for indemnification is a counterclaim against Plaintiff Wu rather than a claim against a third party, I find that the Second Circuit's reasoning in *Herman* on this issue applies with equal force here:

---

[1] Defendants effectively concede this point in their briefing by making no substantive arguments in connection with the FLSA. (D.I. 36 at 14-15).

4

> There is no right of contribution or indemnification for employers found liable under the FLSA. The reasons are readily apparent. First, the text of the FLSA makes no provision for contribution or indemnification. Second, the statute was designed to regulate the conduct of employers for the benefit of employees, and it cannot therefore be said that employers are members of the class for whose benefit the FLSA was enacted. Third, the FLSA has a comprehensive remedial scheme as shown by the 'express provision for private enforcement in certain carefully defined circumstances.' Such a comprehensive statute strongly counsels against judicially engrafting additional remedies. Fourth, the Act's legislative history is silent on a right to contribution or indemnification.

172 F.3d at 144 (citing *Northwest Airlines, Inc. v. Transport Workers Union*, 451 U.S. 77, 93 (1981)) (cleaned up).

Defendants argue, even if their counterclaim for contribution and indemnification is not allowed with respect to Plaintiffs' FLSA claims, it should be allowed with respect to Plaintiffs' WPCA claim. (D.I. 36 at 14). Plaintiffs contend that such claims are also preempted by the FLSA. (D.I. 30 at 10).

As an initial matter, I find that the reasoning from *Herman* that led the Second Circuit to conclude the FLSA does not create a cause of action for indemnification similarly applies with respect to the WPCA. Therefore, Defendants' indemnification and/or contribution claim cannot arise under the WPCA. It may, however, arise more generally under Delaware law. In that instance, I do not think that the same preemption issue that prevents Defendants from asserting state law indemnity or contribution causes of action for FLSA liability applies with respect to WPCA liability.

Despite its comprehensive nature, the FLSA is notably silent on allowing actions for indemnification and contribution. Presumably, if Congress had intended to make such a cause of action available to employers, it would have done so. It did not. Thus, allowing employers to

5

circumvent the FLSA's enforcement framework by bringing state law claims for contribution or indemnification of FLSA liability would interfere with federal law.

On the other hand, the Third Circuit has recognized that Congress intended to allow analogous state wage and hour laws to be enforced alongside the FLSA. *See Knepper v. Rite Aid Corp.*, 675 F.3d 249, 262 (3d Cir. 2012) ("Congress explicitly contemplated dual enforcement of the FLSA"). So long as these state statutes do not curtail an employee's recovery under the FLSA, they do not present a preemption problem. Barring enforcement of state wage and hour laws that provide standards similar or identical to those established in the FLSA would be "a significant intrusion on state authority and a reversal of the traditional presumption against preemption, which is particularly strong given states' lengthy history of regulating employees' wages and hours." *Id.* It follows that states may enforce their own wage and hour laws pursuant to state law. That is to say, state causes of action for indemnity and/or contribution for WPCA violations are not preempted by the FLSA.

Moreover, federal courts "have recognized a right to contribution under state law in cases in which state law," here, the WPCA as opposed to the FLSA, "supplied the appropriate rule of decision." *Northwest Airlines, Inc. v. Transport Workers Union of America, AFL-CIO*, 451 U.S. 77, 97 n. 38 (1981); *Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 144 (2d Cir. 1999) (same).

For these reasons, I find that Defendants have plausibly stated a claim for indemnification and/or contribution solely with respect to Plaintiffs' WPCA claim, Count III. *See Berryman v. Newalta Env't Servs., Inc.*, 2018 WL 5631169, at *3 (W.D. Pa. Oct. 31, 2018) (permitting indemnification and contribution claims to proceed with respect to the Pennsylvania Minimum Wage Act but not the FLSA).

6

Plaintiffs' motion to dismiss Defendants' counterclaims (D.I. 29) is GRANTED IN PART and DENIED IN PART. Counterclaim 5 is DISMISSED. Counterclaim 2 is DISMISSED insofar as it seeks indemnification or contribution for Plaintiffs' FLSA claims.

IT IS SO ORDERED.

Entered this 13 day of May, 2022.

/s/ Richard G. Andrews
United States District Judge