# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JI GUO WU, SHOUHUAI YANG, XIUJU DENG, CHUNYANG CAI, CUIMIN TIAN, SUHONG YANG, ZHEN LEI, XINBIN TIAN,<br><br>Plaintiff,<br><br>v.<br><br>EAST OCEAN AGRICULTURE CORP., XIANDONG SHI,<br><br>Defendants. | Civil Action No. 21-668-RGA |

## MEMORANDUM ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION FOR LEAVE TO FILE AMENDED COMPLAINT

All Plaintiffs other than Plaintiff Wu move under FED. R. CIV. P. 15(a)(2) for leave to file an amended complaint. (D.I. 66). The motion has been fully briefed, and I have considered the parties' briefing. (D.I. 67, 75, 80). For the reasons set forth below, the motion is DENIED WITHOUT PREJUDICE.

The moving Plaintiffs seek to amend their Complaint to add as a defendant Jing Jing Dong, who is the wife of Defendant Xiandong Shi. (D.I. 67 at 1). Plaintiffs' motion, however, does not comply with Local Rule 15.1. Local Rule 15.1 requires a party who moves to amend a pleading to attach to the motion: (1) the proposed pleading as amended, complete with a handwritten or electronic signature; and (2) a form of the amended pleading which indicates in what respect it differs from the pleading which it amends, by bracketing or striking through materials to be deleted and underlining materials to be added. D. Del. LR 15.1. The moving Plaintiffs did not accompany

their motion with a form of the amended pleading showing the proposed differences from the current operative complaint.[1]

Defendants' first argument for denying Plaintiffs' motion was the failure to comply with the Local Rule. (D.I. 75 at 4). The moving Plaintiffs responded by filing the Rule-compliant proposed amended complaint as an attachment to a Declaration that accompanied their reply brief. (D.I. 81-1). This is insufficient. And it was not without cost. By that point, Defendants had already submitted their opposition brief. (D.I. 75). Defendants' brief—perhaps as the result of the moving Plaintiffs' filing irregularities—addresses matters that are inappropriate to the status of the case. For example, Defendants mistakenly center several of their arguments upon the Declaration of Plaintiff Cai (D.I. 69) and the Declaration of Plaintiff Lei (D.I. 70), rather than the factual allegations contained within the proposed amended complaint (which did not incorporate either Declaration). Consequently, I now have briefing (at least from Defendants) that is not very helpful in deciding whether to grant or deny the motion.

I will therefore deny the motion (D.I. 66) without prejudice to refiling in accordance with the Local Rules of this Court.[2]

IT IS SO ORDERED.

Entered this 9th day of January, 2023.

_____
United States District Judge

---

[1] The moving Plaintiffs attached a copy of the proposed amended complaint to the Declaration of Heng Wang. (D.I. 68, Ex. 3). This filing, however, came a day after the motion to amend was filed.

[2] Some filing errors are caught by the Clerk's Office. But when they are not, I would hope that members of the Delaware Bar would point out such an error to opposing counsel as a courtesy, at a time when the error could be easily rectified with essentially no cost to either side.