**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

JI GUO WU, SHOUHUAI YANG, XIUJU DENG,
CHUNYANG CAI, CUIMIN TIAN, SUHONG
YANG, ZHEN LEI, XINBIN TIAN,

        Plaintiff,

    v.

EAST OCEAN AGRICULTURE CORP.,
XIANDONG SHI,

        Defendants.

Civil Action No. 21-668-RGA

## MEMORANDUM ORDER

All Plaintiffs other than Plaintiff Wu ("Plaintiffs") move for leave to file a second amended complaint. (D.I. 88). I have considered the parties' briefing. (D.I. 92, 94, 96). For the reasons set forth below, the motion is DENIED.

## I.  BACKGROUND

Plaintiffs filed this suit on May 7, 2021, alleging violations of federal and state wage and hour laws. (D.I. 1). On August 15, 2022, Plaintiffs timely filed a motion to amend the complaint to add as a defendant Jing Jing Dong, who is the wife of Defendant Xiandong Shi.[1] (D.I. 66). Plaintiffs' theory was that Ms. Dong is a "joint employer" who may be held jointly and severally liable for the labor law violations alleged in the complaint. (*Id.*). That motion was denied without prejudice on January 9, 2023. (D.I. 87).

---

[1] As mentioned in my last order (D.I. 87 at 2 n. 1), several supporting documents to Plaintiffs' earlier motion were filed one day after the deadline. Nevertheless, I do not consider the motion untimely.

1

Plaintiff filed the instant motion on January 24, 2023, seeking the same relief. (D.I. 92 at 2). Plaintiffs also seek to amend their complaint to modify language concerning the wages of Plaintiff Lei. (D.I. 88-4, Ex. C at 4). Specifically, the proposed amended complaint changes his wages from being "paid" to being "earned." (*Id.*).

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 15(a)(2) states that, apart from amendments as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). The Third Circuit has construed Rule 15 liberally, instructing that "absent undue or substantial prejudice, an amendment should be allowed under Rule 15(a) unless 'denial [can] be grounded in bad faith or dilatory motive, truly undue or unexplained delay, repeated failure to cure deficiency by amendments previously allowed or futility of amendment.'" *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004) (quoting *Lundy v. Adamar of New Jersey, Inc.*, 34 F.3d 1173, 1196 (3d Cir. 1994)) (emphasis omitted). An amendment is futile if it "would fail to state a claim upon which relief could be granted." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997). The futility analysis follows the standard that applies to a motion under Rule 12(b)(6). *Id.*

A request to amend filed after the court's deadline to amend must also meet the "good cause" standard of Rule 16(b)(4). *Premier Comp Sols. v. UPMC*, 970 F.3d 316, 319 (3d Cir. 2020). Rule 16(b)(4) provides, "A schedule may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). "'Good cause' exists when the [s]chedule cannot reasonably be met despite the diligence of the party seeking the extension." *ICU Med., Inc. v. RyMed Techs., Inc.*, 674 F. Supp. 2d 574, 577 (D. Del. 2009). Unlike Rule 15(a), the Rule 16(b) standard focuses

on the "diligence of the movant, and not on prejudice to the non-moving party." *Roquette Freres v. SPI Pharma, Inc.*, 2009 WL 1444835, at *4 (D. Del. May 21, 2009). "A party must meet [Rule 16(b)'s] standard before a district court considers whether the party also meets Rule 15(a)'s more liberal standard." *Premier Comp*, 970 F.3d at 319

## III.    DISCUSSION

### A.    Rule 16(b)(4) Diligence

The deadline for motions to amend the pleadings was August 15, 2022. (D.I. 33). Plaintiffs filed the instant motion in January 2023. (D.I. 88). Thus, contrary to Plaintiffs' contentions (D.I. 92 at 1-2), the good cause requirement of Rule 16(b)(4) applies.

Plaintiffs have shown good cause with respect to the proposed addition of Ms. Dong as a defendant. Plaintiffs' initial motion requested this relief, and the motion was timely filed. (D.I. 66). After I denied that motion without prejudice (D.I. 87), Plaintiffs demonstrated diligence by promptly refiling their motion 15 days later. (D.I. 88). This is sufficient.

As for the proposed changes to the wages of Plaintiff Lei, I do not think that Plaintiffs have demonstrated good cause. These changes are new; they did not appear in the initial proposed amended complaint (D.I. 68, Ex. 3) that I denied in January.[2] As Defendant observes (D.I. 94 at 7), Plaintiffs neither mention these changes in their opening brief, nor argue that the changes could not have been sought in a timely manner despite Plaintiffs' diligence. In their reply brief, Plaintiffs maintain that this omission is immaterial, as the proposed changes are mere "clarification" of what

---

[2] The changes were, however, present in what was represented to be the redlined version of that complaint that Plaintiffs attached to a Declaration accompanying their reply brief. (D.I. 81-1). That sort of error would be less likely to have occurred if (as the Local Rules require) the redlined version had been filed with the motion to amend.

3

Plaintiffs already set out in their operative pleading. (D.I. 96 at 3-4). Plaintiffs are mistaken. The

magnitude of the proposed amendments is of no importance here. Under Rule 16, it is the movants'

burden to demonstrate that, despite diligence, they could not have sought the amendments in a

timely manner. *See NRT Technology Corp. v. Everi Holdings Inc.*, 2022 WL 354291, at *1 (D.

Del. Jan. 11, 2022). Plaintiffs did not meet that burden.

I therefore DENY their motion as to the proposed changes to the wages of Plaintiff Lei.

The analysis that follows pertains only to the proposed amendment to add Ms. Dong as a defendant.

### B.    Rule 15(a)(2) Futility

Defendants contend that the proposed amendment to add Ms. Dong as a defendant is futile.

(D.I. 94 at 7-11). I agree.

"The standard for assessing futility is the 'same standard for legal sufficiency as applies

under [Federal] Rule [of Civil Procedure] Rule 12(b)(6).'" *Great W. Mining & Min. Co. v. Fox

Rothschild, LLP*, 615 F.3d 159, 175 (3d Cir. 2010) (quoting *Shane v. Fauver*, 213 F.3d 113, 115

(3d Cir. 2000)). Rule 8 requires a complainant to provide "a short and plain statement of the claim

showing that the pleader is entitled to relief...." FED R. CIV. P. 8(a)(2). Rule 12(b)(6) allows the

accused party to bring a motion to dismiss the claim for failing to meet this standard. A Rule

12(b)(6) motion may be granted only if, accepting the well-pleaded allegations in the complaint as

true and viewing them in the light most favorable to the complainant, a court concludes that those

allegations "could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S.

544, 558 (2007).

The factual allegations do not have to be detailed, but they must provide more than labels,

conclusions, or a "formulaic recitation" of the claim elements. *Id.* at 555 ("Factual allegations must

be enough to raise a right to relief above the speculative level ... on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."). Moreover, there must be sufficient factual matter to state a facially plausible claim to relief. *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the [complainant] pleads factual content that allows the court to draw the reasonable inference that the [accused] is liable for the misconduct alleged." *Id.* Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id* at 679.

In determining whether a potential joint employment relationship exists under FLSA, a court considers whether the alleged employer has:

> (1) authority to hire and fire employees; (2) authority to promulgate work rules and assignments, and set conditions of employment, including compensation, benefits, and hours; (3) day-to-day supervision, including employee discipline; and (4) control of employee records, including payroll, insurance, taxes, and the like.

*In re Enterprise Rent-A-Car Wage & Hour Employment Practices Litigation*, 683 F.3d 462, 469 (3d Cir. 2012). These factors are non-exhaustive, "and cannot be 'blindly applied' as the sole considerations necessary to determine joint employment." *Id.*

Defendants argue that the proposed complaint is futile because it fails to sufficiently allege that Ms. Dong was an employer under FLSA. (D.I. 94 at 8). As an initial matter, I agree with Defendants that the proposed second amended complaint (D.I. 88-4, Ex. C) does not incorporate the facts alleged in the Declarations of Plaintiffs Cai (D.I. 89) and Lei (D.I. 91). (D.I. 94 at 6). Consequently, I consider the complaint standing alone.

The relevant portion of the complaint reads as follows:

13. Defendant Dong is the wife of Xiandong Shi.
14. Defendant Dong was also responsible for the Farm's operation and management.

5

15. Dong was responsible for, among other things, hiring and firing employees, overlooking their work schedules and compensation, resolving wage issues, and managing the Farm's pay and record keeping practices.

(D.I. 88-4, Ex. C). As Defendant notes (D.I. 94 at 8-9), these allegations amount to a bare recitation of the legal standard. Other than paraphrasing the four factors listed above, Plaintiffs' complaint provides no accompanying factual grounds to support the allegation that Ms. Dong was Plaintiffs' joint employer. "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to survive a motion to dismiss. *Ashcroft v. Iqbal*, 555 U.S. 662, 678 (2009). Consequently, I conclude that the proposed amendment to add Ms. Dong is futile.

## IV.   CONCLUSION

For these reasons, I will DENY Plaintiffs' motion for leave to file an amended complaint. (D.I. 88).

IT IS SO ORDERED.

Entered this 23rd day of February, 2023.

United States District Judge